## MURDOCK *a.* EMPIE.

*Supreme Court, First District; Special Term, October,* 1859.

JUDICIAL SALE.—INADEQUACY OF PRICE.—RESALE.

The defendants in a foreclosure sale having been induced not to bid, by representations of an agent that he was authorized by the purchaser to bid for him $15,000, the fair value of the property; the property was struck off to the purchaser for $12,500.

    *Held,* that a resale should be ordered, on condition that the defendants should repay to the purchaser his deposit, his disbursements, including auctioneer's fees, and pay him $100 for any expenses in examining title, and give a bond that $14,000 and expenses should be bid at the resale.

*It seems,* that the mere fact that the property went for less than its real value, and that on a resale it will bring ten per cent. additional, is not ground for ordering a resale in any cases but those of sales by order of a surrogate.

Form of a bond on ordering a resale.

Motion for a resale.

The action was brought to foreclose a mortgage on real property. The decree was for the sum of $11,042. There was a subsequent mortgage held by parties who were made defendants, upon which a sum a little exceeding $3300 was due. At the sale the premises were struck off for $12,500, to one Rosenfeld.

The defendant, Empie, who was the owner of the equity of redemption, and the other defendants, the subsequent mortgagees, now moved to set aside the sale. The affidavits showed that the property was worth between $15,000 and $16,000; that one Lloyd, who had been acting as agent for the defendant Empie in reference to the property, represented to the defendants, previously to the sale, that he was authorized by Rosenfeld to bid $15,000 at the sale, and that it would be unnecessary for them to attend the sale on that account. In consequence they did not bid at the sale, and the property was struck off at $12,500.

*J. A. Sherman* and *D. McMahon,* for the motion.

*Banks & Hurst,* for the plaintiff; and *M. Maclay,* for the purchaser, opposed.

INGRAHAM, J.—The papers in this case show that the property was sold below its real value, and that on a resale it will bring an amount equal to the price bid, and ten per cent. thereon.

If this sale had been made by the order of the surrogate, those facts might be sufficient to authorize the court to order a resale, as was said in Kain *a.* Masterson (16 *N. Y. R.*, 176). That rule, however, as applied to surrogates, is not sufficient in mortgage sales.

The statute (2 *Rev. Stats.*, 105, § 35) makes it the duty of the surrogate to order a resale in such a case. There is no such statute relating to sales on the foreclosure of mortgages. On such sales parties interested are supposed to be able to attend to their own interests at the sale, and do not require the same protection that should be extended to sales of property, of the estates of deceased persons; something more is necessary in relation to the sales of land under foreclosure. (26 *Wend.*, 143.)

I am not, however, satisfied that the sale was conducted in a way free from suspicion. Lloyd admits that he told Mrs. Empie that he thought Rosenfeld would bid $15,000. He does not deny what is stated by Empie, that he wished her not to bid, and he could take care of her interests; and the subsequent proposition by which Lloyd was authorized to sell the property immediately at $16,000, does not furnish any additional evidence of good faith in the proceedings.

When, in addition to these facts, it appears that the result of this sale, if carried out, will probably involve the mortgagor in the loss of all her property, and leave her liable for a large deficiency on the second mortgage, I am of the opinion that justice will be promoted by ordering a resale of the premises. (King *a.* Morris, 2 *Abbotts' Pr. R.*, 276; 2 *Ib.*, 294.) This, however, can only be done on the following conditions:

1. The purchaser must be indemnified against loss. For this purpose, in addition to the return of the ten per cent. paid by him on the sale, he must be paid the disbursements made by him, including the auctioneer's fees, and one hundred dollars to satisfy any expenses he may have been put to in examining the title, &c.

Murdock *a.* Empie.

2. The defendant must file a bond, with sureties to be approved by a judge, that at least $14,000, and the expenses of the resale shall be bid by a *bona fide* bidder at the next sale.

3. Pay the costs of this motion.

If these terms are complied with in six days from service of notice of this decision, the motion for a resale is granted, otherwise the same is denied.*

---

* The form of the bond, as approved by the court, was as follows:

NEW YORK SUPREME COURT.

William Murdock
       *a.*
Eliza A. Empie and others.

Know all men by these presents, that we, Eliza A. Empie and George H. Empie, her husband, and        are held and firmly bound unto William C. Murdock, of the city of Philadelphia, in the sum of three thousand dollars, lawful money of the United States of America, to be paid to the said obligee, his executors, administrators, and assigns, for which payment well and truly to be made, we bind ourselves, one and each of our heirs, executors, and administrators, jointly and severally, firmly by these presents. Sealed with our seals; dated the       day of October, one thousand eight hundred and fifty-nine.

Whereas at a special term of the Supreme Court, of the State of New York, held at the City Hall, in the city of New York, on the       day of October, A. D. 1859, an order was duly entered in the above-entitled cause, setting aside the sale of the premises heretofore had under the decree in said cause, and described in the complaint in this action; and ordering a resale of the same, upon the defendants filing a bond with sureties to be approved by a judge; that at least the sum of fourteen thousand dollars, and the expenses of a resale, shall be bid by a *bona fide* bidder at said resale. Now the condition of this obligation is such, that if on said resale there shall be a *bona fide* bid of fourteen thousand dollars, and in addition thereto of a sum sufficient to pay the expense of said resale, and such bidder shall then and there, if the property is knocked down to him, complete his bid as required by the terms of said resale, then this obligation to be void; otherwise to be and remain in full force and virtue.