Comstock, Davies, Bacon, Clerke and Wright, *Judges, were for affirmance.* Denio and Welles, *Judges, dissented.*

———◆◆———

## SUPREME COURT.

William Murdock agt. Eliza A. Empie and others.

A *resale* of mortgaged premises on foreclosure, ordered on terms, where, among other circumstances of suspicion, it appeared that the *agent* of the mortgagor induced the latter to believe that a certain sum (near the value of the premises) would be bid by a responsible party, and requesting the mortgagor not to attend the sale; and that, on the sale, the premises were struck off to the party named for $2,500, less than the sum mentioned, being more than 10 per cent less than the actual value of the premises.

Besides, it appeared that the result of the sale, if carried out, would probably involve the mortgagor in the loss of all her property, and leave her liable for a large deficiency on the second mortgage.

It is in the discretion of the court to order a resale on foreclosure of mortgaged premises, although the sale may be more than 10 per cent less than their value; but a sale of premises *ordered by a surrogate,* must be set aside, and a resale ordered, in pursuance of the statute where such a deficiency appears on the sale. ·

Motion for a resale of mortgaged premises. The action was brought to foreclose a mortgage on real estate, and a decree made for the sum of $11,042. There was a subsequent mortgage held by parties who were made defendants, upon which a sum a little exceeding $3,300 was due. At the sale, the premises were bid off by one Rosenfeld, for the sum of $12,500. The defendant, Eliza A. Empie, who was the owner of the equity of redemption, and the other defendants, who were subsequent mortgagees, now moved to set aside the sale, and for a resale of the mortgaged premises.

The affidavits disclosed that the premises were worth between $15,000 and $16,000; that one Lloyd, who had been acting as agent for the defendant, Eliza A. Empie, in reference to the property, represented to the defendants previously to the sale that he was authorized by Rosenfeld to bid $15,000 at the sale, and that it would be unnecessary for them to attend the sale on that account. In consequence of such information the defendants did not bid at the sale, and the premises were struck off to Rosenfeld for $12,500.

D. McMahon *and* J. A. Sherman, *for the motion.*

Banks & Hurst, *for the plaintiff.*

M. Maclay *and* A. J. Perry, *for the purchaser, and in opposition.*

Ingraham, Justice. The papers in this case show that the property was sold below its real value, and that on a resale it will bring an amount equal to the price bid, and ten per cent thereon.

If this sale had been made by the order of the surrogate, those facts might be sufficient to authorize the court to order a resale, as was said in *Kain* agt. *Masterton* (16 *N. Y. R.*, 176).

That rule, however, as applied to surrogates, is not sufficient in mortgage sales. The statute (2 *R. S.*, 105, § 33) makes it the duty of the surrogate to order a resale in such a case. There is no such statute relating to sales on the foreclosure of mortgages. On such sales parties interested are supposed to be able to attend to their interests at the sale, and do not require the same protection that should be extended to the sales of property of the estates of deceased persons; something more is necessary in relation to the sales of land under foreclosure (26 *Wend.*, 143).

I am not, however, satisfied that the sale was conducted

Murdock agt. Empie.

in a way free from suspicion.   Lloyd admits that he told
Mrs. Empie that he thought Rosenfeld would bid $15,000.
He does not deny what is stated by Empie, that he wished
her not to bid, and he would take care of her interests;
and the subsequent proposition, by which Lloyd was
authorized to sell the property immediately at $16,000,
does not furnish any additional evidence of good faith in
the proceeding.

When, in addition to these facts, it appears that the
result of this sale, if carried out, will probably involve
the mortgagor in the loss of all her property, and leave
her liable for a large deficiency on the second mortgage, I
am of the opinion that justice will be promoted by order-
ing a resale of the premises. (*King* agt. *Morris*, 2 *Abbott
P. R.*, 216; *id.*, 294.)   This, however, can only be done on
the following conditions:

1st. The purchaser must be indemnified against loss.
For this purpose, in addition to the return of the 10 per
cent paid by him on the sale, he must be paid the dis-
bursements made by him, including the auctioneer's fees,
and one hundred dollars to satisfy any expenses he may
have been put to in examining the title, &c.

2d. The defendant must file a bond, with sureties, to be
approved by a judge, that at least $14,000, and the
expenses of the resale, shall be bid by a bona fide bidder
at the next sale.

3d. Pay the costs of this motion.

If these terms are complied with within six days from
service of notice of this decision, the motion for a resale
is granted, otherwise the same is denied.