INGRAHAM and CLERKE, JJ., concurred.

---

## FREEMAN a. MUNNS.

*Supreme Court, First District; General Term, Feb.,* 1862.

FORECLOSURE.—VACATING SALE.—TITLE OF PURCHASER.—SURPLUS MONEYS.—CLAIMS OF INFANTS.—SECURITY ON APPEAL.

An order vacating the sale and opening the judgment in foreclosure renders invalid the title of the purchaser and his grantees.

Infants are specially entitled to protection in regard to their claims to property which is under the control of the court.

Thus where an order setting aside a sale and opening a judgment in foreclosure invalidated the title of an infant owner of the equity of redemption to surplus moneys arising from a second foreclosure, and it appeared that an appeal was pending from such order, and the question was not free from doubt ;—*Held,* that proceedings should be stayed and facilities given to the infant for an appeal from the proposed order, with moderate security.

Appeal from an order directing the disposition of surplus moneys.

This action was brought by Lorrain Freeman against James Munns and wife, Anthony McReynolds, Helen A. Clark, Randolph Barnes, and others, to foreclose a mortgage for $5,600. After the sale and payment of the mortgage-debt and costs, there remained a surplus of $1,173.18. This surplus was claimed by Archibald M. Allerton, jr., and by Mary L. Clark, an infant daughter of the above-named Helen A. Clark, the latter having departed this life since the commencement of the

action. The mortgage to Freeman was a first mortgage, and was recorded November 4th, 1857; there was a second mortgage, from Munns, upon the premises for $2,000 to Murphy and Dimond, which passed, by successive assignments, through Eli P. Sherman, Nelson Plato, Randolph Barnes, to Allerton, the claimant; there was also a third mortgage upon the same premises, from Munns to Anthony McReynolds, for $1,350.

In June, 1858, McReynolds commenced an action in this court for the foreclosure of his third mortgage, making Lorrain Freeman and Eli P. Sherman the holders of the two prior mortgages, parties; the relief asked was that the premises might be sold and the third mortgage paid after payment of the prior mortgages. Judgment was entered, after failure to answer, for foreclosure and sale and the payment, out of the proceeds, of the three mortgages in the order of their priority, as above stated.

The property was sold under the McReynolds judgment, September 28th, 1858, to McReynolds for $5,000, and the sheriff subsequently gave a deed of the property to McReynolds, under which the latter went into possession and made some improvements upon the house. On the settlement with the sheriff and Freeman, McReynolds executed to Freeman a further bond and mortgage for the sum of $5,600 and interest, which mortgage was recorded simultaneously with the sheriff's deed. Freeman thereupon receipted to the sheriff for $4,836.21 as so much of the proceeds of sale, and the original mortgage of November, 1857, was treated as still security for his debt and remained uncancelled. The sheriff made his report of sale October 6th, which was confirmed November 26th, 1858. A motion of defendant Sherman to set aside the sale and vacate the judgment was denied by Mr. Justice Ingraham, November 1st, 1858. On November 18th, McReynolds conveyed the mortgaged premises to Helen A. Clark. In September, 1859, the general term reversed the order of Mr. Justice Ingraham, vacated the sale, and opened the judgment; an appeal by McReynolds from the last order was pending in the Court of Appeals. The surplus moneys in the present action was awarded to Allerton, and Mary A. Clark appealed.

*William R. Strafford,* for the appellant.—I. The action in-

stituted by McReynolds, was regular, and the judgment therein barred and foreclosed Eli P. Sherman of all right and equity of redemption in the mortgaged premises, and extinguished the lien of the mortgage held by him thereon. 1. Sherman, by interposing no answer or demurrer to the complaint, and by appearing and proving the amount due him before the referee, assented to the proceedings, and is estopped from questioning their regularity or effect. (Blakeley *a.* Calder, 15 *N. Y.*, 617; Western Ins. Co. *a.* Eagle Ins. Co., 1 *Paige*, 284.) 2. The foreclosure of Sherman's mortgage was properly prayed for, as it was due at the time the suit was commenced. (Vanderkemp *a.* Shelton, 11 *Paige*, 28.) 3. It was fully competent in that action to determine the ultimate rights of the parties as between themselves (*Code*, § 274).

II. By the purchase at the sheriff's sale, McReynolds took the premises free and discharged of all liens or incumbrances theretofore existing in favor of Sherman and the other parties to his action. He cannot be regarded as having purchased the equity of redemption only. 1. The sheriff had no power, under the judgment, to sell, and did not sell, the equity only. 2. The principle as to the purchase including the equity of redemption only, applies merely to cases where the prior mortgagee is not made a party to the suit. (McKinstry *a.* Curtis, 10 *Paige*, 503; Vanderkemp *a.* Shelton, 11 *Ib.*, 28.)

III. The conveyance by McReynolds to Mrs. Clark, vested the title to the premises in her absolutely, and free from any lien by Sherman. 1. McReynolds had entered into and was in undisturbed possession; had improved and finished the house, and in good faith and for a valuable consideration sold to her. 2. At the time of the purchase McReynolds' judgment was subsisting and valid, and a motion to vacate the foreclosure-sale had been denied. 3. Her title could not be affected by the subsequent opening of that judgment without notice to her, and by proceedings over which she had no control. (Woodstock *a.* Bennet, 1 *Cow.*, 711–734; Clarke *a.* Davenport, 1 *Bosw.*, 95–120; Holden *a.* Sackett, 12 *Abbotts' Pr.*, 473.)

IV. The order of the general term, September, 1859, could not affect the rights either of McReynolds, as purchaser, or Mrs. Clark as his vendee. 1. So far as it related to the sale, the order of Judge Ingraham was not appealable. 2. An ap-

peal to the Court of Appeals having been duly taken from that order, it could have no binding force or effect; its action at least was suspended, pending that appeal, and it cannot be considered as *res adjudicata* in the case. 3. That order could in no event affect the rights of Mrs. Clark. McReynolds held, either as trustee of others, or in fraud of the rights of others; and in either case could give a valid title to a *bona-fide* purchaser. (*Story Eq. Juris.*, §§ 410–411, 1502, *et seq.*; Wood *a.* Jackson, 8 *Wend.*, 33–36; Verplanck *a.* Story, 12 *Johns.*, 536, 552; Clarke *a.* Davenport, 1 *Bosw.*, 95, 141.)

V. The judgment in the foreclosure-suit of McReynolds was conclusive in favor of Mrs. Clark, and could not be subsequently attacked to her prejudice. 1. The right to foreclose a prior mortgage was determined by that judgment. 2. It was conclusive also as to every matter actually determined in the action, as well as to every matter that might have been litigated by the parties in the action. (*Code*, § 274; 2 *Cow. Tr.*, 174; 1 *Johns. Cas.*, 436–491, and *note ;* Cooper *a.* Martin, 1 *Dana*, 23–27.) 3. Its regularity in practice, and correctness as matter of law, had been recognized by the court in denying Sherman's motion for judgment in his suit on the 9th of September, 1858, and was subsequently reaffirmed on the dismissal of Sherman's action on the 23d December, 1858. 4. The purchaser had a right to presume that the court had taken the necessary steps to investigate the rights of the parties, and rendered a proper decree. (Alvord *a.* Beach, 5 *Abbotts' Pr.*, 451.)

*Stephen H. Thayer*, for the respondent.—I. The claimant, Allerton, has the prior lien on the surplus moneys, which are the proceeds of sale under the foreclosure of the first mortgage. He claims under the second mortgage, of which he is the present owner and holder. The adverse claimant, as present owner of the equity of redemption, makes claim under the third mortgage.

II. The lien of our second mortgage has not been destroyed or affected by McReynolds' alleged foreclosure. Our mortgage not being due at the time he commenced his suit, it was not in his power to make it due, or in any manner to terminate our lien without our consent, and no such consent is shown. The order of this court at general term, September, 1859, ab-

solutely and unconditionally set aside the McReynolds' judg-
ment and sale, and left the two prior mortgages in full force.
Until that order shall be overruled by the Court of Appeals it
is the law of this case, and all presumptions are in favor of its
affirmance. The regularity of the proceedings by which that
order was obtained, and the question of sustaining or setting it
aside, will be passed upon elsewhere.

III. The adverse claimant does not stand in the position of a
purchaser in good faith without notice of our rights. The grantee
of McReynolds could get no better title than McReynolds had,
and he, as against us, had none—and the purchaser was bound
to know this, as it was matter of record. At the time Clark
took the deed from McReynolds, 20th November, 1858, the
mortgage now held by us was on record, unsatisfied; so was
the mortgage to Freeman. It was matter of record that neither
of these mortgages was due; and that the attempt of McRey-
nolds to foreclose them in his suit was not acquiesced in by
either of the mortgagees. Sherman's motion to set aside the
McReynolds' judgment was noticed 15th October for 26th Oc-
tober, heard on the 1st November, and the order entered and
papers filed on that day. Sherman's time to appeal from the
order denying his motion had not expired, nor nearly so. The
sheriff's report of sale under McReynolds' decree had not been
confirmed.

INGRAHAM, J.—The right of Allerton to the surplus moneys,
in this case, depends mainly upon the question which arises as
to the effect of the foreclosure of McReynolds, and of the sale
in that case, which has been vacated by the general term. If
that decision shall be sustained, I see no reason why Allerton is
not entitled to these moneys. Although no reason was given
for the order of the general term, I conclude that it was made
on the supposition that Sherman and his assignees were not af-
fected by that foreclosure.

Following that decision, it is proper that the order now ap-
pealed from should be affirmed.

At the same time the referee has found and reported that the
order of the general term has been appealed from. Under such
circumstances it would hardly be proper to order surplus mon-
eys to be paid over to a claimant, while there is so much doubt

as to the rights of an infant, who has appealed therefrom. If the money is now ordered to be paid, she might, in the event of the reversal of that order, be remediless. Under such circumstances, in affirming the order appealed from, an opportunity should be afforded to the parties to appeal from this order before the money is paid over. The order adopted at the special term is a proper one to be added here to the affirmance, viz.: that all proceedings be stayed for twenty days to allow the appellants here to perfect an appeal to the Court of Appeals, on filing a bond in $500, conditioned as stated in the order appealed from, in which case proceedings are stayed until decision.

The order is affirmed on those conditions.

SUTHERLAND, P. J. and CLERKE, J., concurred.

## McEWAN a. BURGESS.

*New York Superior Court; At Chambers, May*, 1863.

SUPPLEMENTARY PROCEEDINGS.—DEBTOR'S PLACE OF BUSINESS.

It is sufficient to support an order under section 292 of the Code, for an examination supplementary to judgment, that the debtor had a place of business in the county in which execution was returned, although his principal place of business is in another county.

Motion to set aside an order for the examination of a judgment-debtor in supplementary proceedings.

Judgment had been recovered, in this action, in favor of John McEwan, plaintiff, against Nathan G. Burgess and W. James, for $196.86. On the return of an execution, unsatisfied, the plaintiff obtained, from a justice of this court, an order for the examination of Burgess on an affidavit setting forth the usual facts, and that Burgess had a place of business in New York city. The defendant, Burgess, moved to set aside the order on the ground that his place of business and residence