Ingalls, J.
It is not pretended that the sale was irregular, or that there has been any improper conduct on the part of the referee, or any of -the parties who attended the sale. Carroll purchased the farm at the price of eight thousand one hundred dollars, after the parties who were interested, and who attended the sale, had consulted, and deliberately determined not to bid beyond such sum. The motion to open the sale is made upon the ground that the general and special guardians of Barront and Theodore Storm, who are infants, and owners of an undivided half of the premises sold, failed to attend the sale.
It appears from the papers that the said guardians started from Jonesville on the morning of the day the sale occurred, and went to Waterford to take the cars, which were there due at nine o’clock and thirty-five minutes, a. m„ for the city of Albany, to attend the sale, which was advertised for twelve o’clock, noon. That such train was delayed so that it did not arrive at Waterford until nearly one o’clock, p. m. Ho other mode of conveyance was sought, although the distance from Waterford to Albany was only nine or ten miles. The guardians, with their counsel, reached Albany after the sale. It does not appear by the papers that a greater sum would have been bid for the farm if such guardians had been present at the sale. The affidavit of Chauncey Broughton is produced, in which he states that such farm contains one hundred and ten acres, and is worth, in his opinion, ninety dollars per acre. Also the affidavit of George A. Godfrey, who therein states that in.his judgment it is worth one hundred dollars per acre. Mr. Bullard, the counsel for the guardians, in his affidavit, states that the general guardians of the infants will bid on a resale eight thousand five hundred dollars for the farm. Mr. Bullard, upon the argument of the motion, submitted, on his own behalf, a written proposition offering to bid on a resale nine thousand dollars, which proposition was *426 objected to by the counsel for the plaintiff, on the ground that no such offer accompanied the motion papers.
In opposition to the foregoing, the plaintiff produced the affidavit of William Yan Derm ark, in which he states that the value of the farm does not exceed seven thousand dollars; also, the affidavit of Morris Mann, who states that the value of the farm 'does not exceed eight thousand dollars.
It appears that Carroll has borrowed four thousand and ten dollars for the, purpose of performing the contract of sale on his part, and has subjected himself to an expense of not less than one hundred dollars in procuring counsel to protect what he deems his rights; and has been subjected to loss of time, and some other expenses in the matter. There was a full attendance at such sale, and all the parties interested, except the said infants, either attended in person, or were represented. The children of ■ the defendant Harman Y. Storm, who are also infants, are interested in the premises, and their said father bid at the sale eight thousand dollars, and then allowed the farm to be struck off to Carroll at the said sum of eight thousand one hundred dollars. All the parties interested are satisfied with the sale, except the guardians of the children of Theodore Storm.
Mere inadequacy of price will not authorize a resale, unless it is so gross as to justify an inference of fraud, surprise, or improper conduct on the part of the person moving such sale (Gould v. Gager, 18 Abb. JPr., 32; S. C., 24 How. Pr., 440 ; Whitbeck v. Rowe, 25 How. Pr., 403). In the last case, Justice IIogeboom remarks : “ We have no rule of equity which permits us to set aside a sale in the absence of fraud, misconduct, surprise, or mere grounded misapprehension, simply because a higher price can be reasonably anticipated on a resale of the premises, however just in theory such a rule might appear to be if the advance in price were marked and decided.”
i It is apparent from the facts in this case, that the sale can not be set aside upon such grounds. The resale must be ordered, if at .all, on the ground that the guardians failed to attend such sale, under the circumstances detailed in the affidavit of Mr. Bullard; and in order to interfere, the court should be satisfied that in consequence of such non-attendance the property sold for a price less than it would have brought, if said guardians had" atttended the sale. It does not appear by" the papers that either of the .parties would have bid one dollar beyond the eight thousand *427 one hundred dollars, if they had reached Albany before the sale was concluded. I deem this an important .consideration, as it would be a dangerous rule to establish—that a judicial sale could be set aside merely because it was discovered, after the sale had occurred, that some person who did not attend the sale estimated the value of the property at a price exceeding the sum at which the same was regularly and fairly sold.
. In regard to the actual value of the farm, there is a direct conflict in the estimates contained in the affidavits; and the result of the sale, which is conceded to have been well attended and fairly conducted, favors the valuation contained in the affidavits read in opposition to the motion for a resale of the premises.
Assuming that the guardians will, upon a resale, bid eight thousand five hundred dollars, I am of opinion that the interests of the infants would not be promoted by such resale. Only four hundred dollars would be added to the price, of which the said infants would be entitled to one half, subject to an allowance to Carroll of such a sum as would be just for the expenses he has incurred, and the costs of resale. It would be unjust towards Carroll to deprive him of the benefit of a purchase fairly made and fully performed on his part, without a reasonable compensation, which should at least cover the expense which he has incurred (American Life Ins. Co. v. Oakley, 9 Paige, 259 ; Lentz v. Craig, 2 Abb. Pr., 294; S. C., 13 How. Pr., 72; Murdock v. Empie, 9 Abb. Pr., 283; S. C., 19 How. Pr., 79).
If it be further assumed that Mr. Bullard should bid nine thousand dollars, agreeably to the offer which he submitted in the manner aforesaid, I am still inclined -to think the advance would not justify a resale, as the infants would be but slightly benefitted after deducting the amount which Carroll should receive, and the expenses of a resale. Again, there are other parties interested who are satisfied with the sale, and desire its confirmation, and their rights are to be regarded.
It is true, that the court should be vigilant in protecting the rights and interests of infants, and not allow even the negligence or unfaithfulness of their guardians to prejudice their rights (Lefevre v. Laraway, 22 Barb., 168; Freeman v. Munns, 15 Abb. Pr., 468). But this principle is not to be carried to such an unreasonable, extent as to entirely disregard the rights of other parties.
*428 After a'careful consideration of the facts submitted, I am of opinion that the sale should be confirmed, believing that the interests of all the parties \yill be promoted thereby. A judicial sale should not be set aside unless a very clear case therefor is presented. Any other course will impair confidence in such sales, and have a tendency to deter persons from attending and purchasing thereat.
The motion to confirm the sale must be granted, and the motion to set aside such sale denied.