ELY v. MATTHEWS et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

MORTGAGES (§ ·529*) — FORECLOSURE — SALE—REFUSAL OF PURCHASER TO PERFORM—RESALE.

    Where the court, on application of the purchaser at a foreclosure sale, ordered the release of the purchaser and the return by the referee of the down payment, on the ground that certain objections to the title and procedure were well founded, it could not, after values had so advanced that it was to the interest of junior mortgagees to have a resale, vacate the order and direct the referee to convey the premises to the assignee of the purchaser's bid, since that would constitute a private resale, which is not authorized either by Code Civ. Proc. § 1678, or by Gen. Rules of Practice No. 62.

    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 529.*]

Appeal from Special Term.

Action by Smith Ely against Vira G. Matthews and others. From an order, made on plaintiff's application, directing the referee herein to execute and deliver a deed to the assignee of the bid of the purchaser at a foreclosure sale herein, and vacating an order denying plaintiff's motion to compel the purchaser to complete his purchase, and directing the repayment of the money received by the referee from him, defendants James H. George and others, as executors of Richard Grant, deceased, and the New Amsterdam National Bank, appeal separately. Order reversed, and motion denied.

See 58 Misc. Rep. 365, 110 N. Y. Supp. 1102.

---

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Joseph J. Hood, for appellants George and others.

H. Aaron, for appellant New Amsterdam Nat. Bank.

LAUGHLIN, J. This is an action to foreclose a first mortgage on real estate for $100,000. A third mortgage for $20,000 and a fourth for $2,000 is held by the executors, appellants, and a fifth for $20,000 is held by the bank, appellant. The judgment directing a sale of the premises was entered on the 12th day of November, 1907, and the sale took place on the 19th day of December thereafter, during the period of business depression and stringency in the money market, and after an adjournment of one week at the request of subsequent mortgagees. The attorney for the executors requested plaintiff to consent to a further adjournment for 30 days, and offered to pay $500 to cover any possible loss thereby; but the offer was refused. The premises were awarded to the highest bidder at $135,000. The purchaser refused to complete his purchase upon grounds, among others, that the premises were to some extent obstructed by a wall on adjacent lands, and burdened with an easement for its maintenance, and that the permanent receivers, appointed by the Court of Chancery in New Jersey, of the Electric Rubber Manufacturing Company, which owned a sixth mortgage on the premises for $10,000, had not been made parties, and that joining the ancillary receiver, as was done, was not sufficient. The court, on motion by plaintiff to compel the purchaser to complete his purchase, decided that these objections were well taken, and that the purchaser was entitled to be released, and an order to that effect, directing the referee to refund the down payment, was duly entered.

The practice now under review is wholly unauthorized, regardless of whether or not that motion was correctly decided. That order is not before us for review, and it is not necessary that we should discuss its merits. The order having been granted at the instance of the purchaser, neither he nor any one claiming in his right should be heard to say, after the property has advanced in value, that he wishes to reconsider his action, and, since he could now make a profit on the purchase, he is willing to take title. He made his election to stand upon the objections to the title, and he convinced the court that they were well founded. His right to take title as a purchaser thereupon terminated, and his only right was with respect to being reimbursed. Although appellants did not oppose the motion to compel the purchaser to complete his purchase, yet since the purchaser duly presented the points for adjudication, and since it affected their rights, the decision at once inured to their benefit, and it was not competent for the plaintiff, the purchaser, and a third party, by private agreement or understanding with respect to the assignment of the bid, to deprive them of the right to a resale of the premises. When the sale was set aside it was the same as if it had never taken place. Of course, the order might have been reviewed, and perhaps reversed, on appeal, and the court which made it might, perhaps, on a motion for a reargument, have vacated it, and it might have been vacated for fraud; but it could not be vacated to permit the assignment of the bid and the completion

of the purchase after real estate values had, so advanced that it was for the interest of appellants to have a resale. While the order stood the purchaser had no title, and he could neither have insisted upon a deed to himself nor could he confer any right thereto upon an assignee; for that would constitute a private resale, which is neither authorized by statute nor by the practice of the courts in such cases. Code Civ. Proc. § 1678; rule 62, Gen. Rules of Practice; Freeman v. Munns, 15 Abb. Prac. 458; Jones on Mortgages, vol. 2, § 1681; Thomas on Mortgages, § 967; Guard's Titles to Real Estate (4th Ed.) p. 686. It never was the practice, where a purchaser rejects title or refuses to perform, and is sustained in his position by the court, to accept, without readvertising, another to complete the purchase for him. The long-established practice requires that in such case there shall be a resale (Thompson v. Dimand, 3 Edw. Ch. 298), and in the case at bar the terms of sale so provided.

The order should therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.