| | |
|---|---|
| 58 | 537 |
| 66 | 348 |
| 58 | 537 |
| 83 | 327 |

MARY YALE v. ALEXANDER STEVENSON, LEVI S. SHOOK, ROBERT J. DIXON AND JOSHUA IVISON.

*Married woman's mortgage—Sale in gross—Ejectment.*

1. A wife's mortgage upon her own land is not invalidated by her husband's joining in it; nor is the sale thereunder made void by the fact that the notice of sale describes her as his wife.

2. A mortgage sale of several lots which were fenced and used as one parcel when the mortgage was given and had continued so, was not void under the statute in force in 1869. Comp. L. (1871) § 6918.

3. Where land has been regularly sold under a mortgage the mortgager cannot, in an action of ejectment for it, attack the mortgage as fraudulent, or as discharged before foreclosure. The remedy for such defects, if not lost by laches, would be in equity.

Error to Isabella. (Hart, J.) Nov. 12.—Nov. 19.

EJECTMENT. Defendants bring error. Reversed.

*Graves & Brown* and *L. T. Durand* for appellants. A wife may mortgage her property to secure her husband's debt: *Watson v. Thurber* 11 Mich. 457; *De Vries v. Conklin* 22 Mich. 259; and though the husband join in the mortgage, still her separate property will be bound: *Frickee v. Donner* 35 Mich. 151; lots fenced in one parcel may be so sold on mortgage foreclosure: 2 Jones on Mortgages, 1618, 1857–8; *German Bank v. Stumpf* 73 Mo. 311; *Lamerson*

*v. Marvin* 8 Barb. 9 ; *Griswold v. Fowler* 24 id. 135 ; *Anderson v. Austin* 34 id. 319.

*Dodds Bros.* and *I. A. Fancher* for appellee.   Land described in parcels must be so sold on foreclosure : *Sherman v. Willett* 42 N. Y. 150 ; *Lamerson v. Marvin* 8 Barb. 9 ; *Griswold v. Fowler* 24 Barb. 135 ; *Ellsworth v. Lockwood* 42 N. Y. 105 ; *Cox v. Wheeler* 7 Paige 250 ; not only when expressly described in the mortgage, but also when afterward subdivided by consent of the mortgager : *Durm v. Fish* 46 Mich. 314 ; *Grover v. Fox* 36 Mich. 461 ; *Piel v. Braysr* 30 Ind. 332 ; *Bardeus v. Huber* 45 Ind. 235 ; *French v. Edwards* 13 Wall. 506 ; *Petermann v. Turner* 37 Wis. 244 ; see *Clark v. Stilson* 36 Mich. 485.

MORSE, C. J.   The plaintiff and appellee brought an action of ejectment in the circuit court for the county of Isabella to recover lots 3 and 4 in block 24 of the village of Mount Pleasant.   Plaintiff, who was then owner in fee of the premises, mortgaged these lots, together with other property situated in the village of Isabella, to defendant Stevenson, November 3, 1868.   Her husband joined with her in the mortgage.   At the time the mortgage was executed these lots were inclosed by a fence on the outside, and cultivated as one parcel by the plaintiff, who lived upon a lot in Isabella.   No house was on these lots, and there has never been any building erected upon them.   Default having been made in the payment of the mortgage debt, the mortgaged premises were sold to defendant Stevenson, September 4, 1869, upon a foreclosure by advertisement.   The sheriff's deed shows that these lots were sold together in one parcel and bid in for $400, and the property in the village of Isabella was sold together and bid in for $200.   None of the property has ever been redeemed from said sale, nor has any offer been made to pay the amount due upon the mortgage, or to redeem any portion of the lands.   At the date of the foreclosure of the mortgage plaintiff was living in the village of Isabella, about two miles north of the lots in question in this suit, and knew when it was foreclosed.   She lived on the property in Isabella about a year and a half after the foreclosure sale, when she moved

to Mount Pleasant, where she has since resided. Neither she nor her husband forbade the sale under the mortgage. She has lived, since she has been in Mount Pleasant, within two or three blocks of these lots, but has never said anything to defendant Stevenson about the invalidity of the mortgage, or demanded possession of the property. Stevenson has been in possession of the lots ever since the expiration of the time of redemption, and has cultivated them for a garden. The plaintiff testified that she was aware of this, but had not herself, or by any one else, made any objection to it in any way.

Upon the trial, it was admitted by counsel for the respective parties that plaintiff was the owner of the lots at the date of the mortgage, and that defendants had been in possession under the mortgage sale, or claimed an interest in the premises, and plaintiff thereupon rested her case. Upon defendants' taking the case it was admitted by her counsel that plaintiff never had any homestead rights in these lots, and thereupon defendants introduced in evidence the mortgage from plaintiff to defendant Stevenson, the deed made and executed by the sheriff upon the foreclosure sale, the notice of the sale attached thereto, the affidavit of the sheriff, and the certificate of acknowledgment and record of the same. Plaintiff's counsel objected to this proof, (1st) because notice of sale stated that mortgage was executed by A. K. Yale and Mary E. Yale, his wife, and did not specify that her interest was to be sold, and apt language was expressly used that her interest in the sale was merely as his wife; (2nd) because the lots were described separately, and they should have been sold as described, separately, but the deed showed they were sold and bid off in a lump for $400, and all the balance for $200. The court received the evidence at the time it was offered, and plaintiff's counsel excepted; but when the testimony was closed the court came to the conclusion that the sale was irregular and void, for the reason that the lots were not sold separately; and also that it was not necessary for plaintiff, under the testimony, to have given

notice to quit before bringing suit, and directed a verdict for the plaintiff.

The defendants claim (1) that the foreclosure sale was not void; (2) that if it was, the plaintiff was not entitled to recover in this case without having first demanded possession of the property, of defendants or some of them; and (3) that the plaintiff could not, in this action, introduce testimony to show that the mortgage was discharged before its foreclosure.

The plaintiff introduced evidence, under the objection of defendants' counsel, tending to show that one McLaren, an agent of defendant Stevenson, obtained her signature to the mortgage to release a span of horses of her husband, upon which Stevenson held a chattel mortgage, and that this release of the horses was the sole consideration for the real-estate mortgage; and that afterwards Stevenson foreclosed the chattel mortgage, and took the horses thereon in fraud of this agreement to release, upon which the real-estate mortgage was based.

It also appeared by the evidence of defendant Stevenson that about six months after the foreclosure sale the plaintiff and her husband left the property in the village of Isabella, and one Grinnell moved upon it, claiming title adversely to plaintiff; that when the sale took place plaintiff ceased to occupy the lots in question in this suit, or to pay taxes thereon; that he (Stevenson) at once took possession, and the spring after the sale took out the stumps, repaired the fence, and has occupied and cultivated them as a garden and paid taxes upon them every year since, without any objection or hostile claim from any source whatever; that the first he knew that it was claimed the foreclosure proceedings were invalid or that the plaintiff claimed the property, was when he was served with the declaration in this case.

The defendant Joshua Ivison bought the lots of defendant Stevenson, May 15th 1884, upon a contract of purchase, without, as he testified, ever hearing that plaintiff or any one besides defendant Stevenson claimed the property, and that no one ever interfered with his possession or demanded possession of him. This suit was brought May 26, 1884.

The defendants' counsel also requested the court to instruct the jury as follows:

" If the jury find that upon the foreclosure sale of the real estate in question the plaintiff voluntarily quit the possession and occupancy of the property described in the mortgage and yielded up the possession thereof to defendant Stevenson, and rented a portion of it, to wit, the property in Isabella village, of defendant Stevenson, and continued in possession of the same with her husband for a period of about six months as tenant, paying him, Stevenson, rent therefor, and since then defendant Stevenson has continued to occupy and cultivate the property described in the declaration continuously up to the time of the sale to defendant Ivison, and with the knowledge and permission of plaintiff, the plaintiff is not entitled to recover, not having demanded the possession thereof of defendants, or either of them."

As it is conceded that all the property described in this mortgage belonged to the wife, we think the form of the mortgage, or the notice of sale under it, describing plaintiff as the wife of Abram K. Yale, did not invalidate the mortgage, or the sale of the premises under it. It conveyed her interest as absolutely as if her husband had not joined with her. Her interest in the lots was a title in fee, and having no dower interest therein it must be presumed that when she executed the mortgage she knew what she was conveying.

The sale of these two lots fenced and used as one parcel at the time the mortgage was given, and so used and occupied ever since, was not void under the statute in force at the time of sale. They were not separate and distinct, as the parcels or tracts sold in the cases of *Lee v. Mason* 10 Mich. 403 and *Udell v. Kahn* 31 Mich. 198, but come clearly under the decision of this Court in *Larzelere v. Starkweather* 38 Mich. 96, which was a foreclosure sale made before the amendment to the statute in 1875. The evidence shows that in this case, as in that, these lots were " held, occupied and worked " as one parcel.

The mortgage sale therefore being regular, in our opinion the plaintiff could not in this action attack the mortgage either as fraudulent in its inception, or on the ground that it

had been discharged before its foreclosure. Her remedy in such case would be, if not lost by laches, in a court of equity.

In this view of the case it is not necessary to notice the other errors complained of. The circuit judge should have directed a verdict for the defendants.

The judgment of the court below is reversed with costs of both courts, and the record herein remanded to the circuit court for the county of Isabella for such further proceedings as may be desired to be taken under the statute.

The other Justices concurred.