MAXWELL, Respondent, vs. NEWTON, Appellant.

*January 16 — February 23, 1886.*

MORTGAGES: FORECLOSURE BY ADVERTISEMENT. *(1) Notice of sale. (2) Affidavit, by whom made. (3) Sale of farm in one tract. (4) Purchase by mortgagee. (5) Adequacy of price: Good faith.* EJECTMENT. *(6) Recovery of rents and profits: Pleading.*

1. The notice of the foreclosure of a mortgage by advertisement need not state specifically that "the mortgage will be foreclosed by a sale of the mortgaged premises."
2. The evidence in this case is *held* insufficient to overcome the presumption from the affidavit of sale that such affidavit was made by the person who actually made the sale.
3. Where the mortgaged premises consist of several government subdivisions which have been used together as one farm and cannot be sold separately without injury to the parties interested, they may be sold as a single tract.
4. The mortgagee or his assigns may purchase the premises at the foreclosure sale if they act in good faith.

5. The mere fact that the land was sold for less than its real value does not show that the sale was unfair, especially where, after the sale, the mortgagor is given an opportunity to redeem by paying the mortgage debt.

6. If a specific demand therefor in the complaint is necessary in order to a recovery of rents and profits in ejectment (a point not determined), a complaint deficient in that respect may be amended at the trial.

APPEAL from the County Court of *Dodge* County.

Ejectment. A jury was waived. The trial court found in favor of the plaintiff and, among other things, that the defendant unlawfully withheld the premises from the plaintiff, to his damage $360. Judgment was entered that the plaintiff recover the possession of the premises, "and also the sum of $360 for his damages for the unlawful withholding thereof by the defendant, and the further sum of $75.90 for the plaintiff's costs," etc. The defendant appealed from the judgment. Other facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *Edward S. Bragg*, attorney, and *James J. Dick*, of counsel. They contended, *inter alia*, that the notice of sale itself does not state that the mortgage will be foreclosed by a sale of the mortgaged premises; nor does it state the amount due at the date of the notice, or the amount for which the premises will be sold; nor does it contain a description of the mortgaged premises; nor does it state that the sale is under a power of sale. All these matters are required by the statute to be stated. R. S. secs. 3526, 3527. And see 5 Wait's Pr. 253, 254; *Judd v. O'Brien*, 21 N. Y. 186; *Leet v. McMaster*, 51 Barb. 243. The recitals in the notice of sale cannot be taken to help out these defects. A deed is not evidence of the recitals in it; and much less are the recitals in a notice of sale under a power of sale. 2 Jones on Mortg. (2d ed.), sec. 1895. The proceedings under a power of sale are to be strictly construed. 2 Jones on Mortg. (2d ed.), secs. 1822-27. The sale was void and will

be set aside because the notice of the sale failed to attract bidders; because the persons present were in the interest of the respondent; because the appellant was not present and had no notice of the sale; because the only bids made were by the respondent or on his behalf; because the respondent purchased the property for much less than its value; because the interests of the appellant were not protected; because, under the circumstances, the sale should have been adjourned and further notice given; because the paper in which the notice was published did not circulate in the region about the mortgaged premises. *Briggs v. Briggs*, 135 Mass. 309; *Thompson v. Heywood*, 129 id. 403; *Montague v. Dawes*, 14 Allen, 373; *Roarty v. Mitchell*, 7 Gray, 244; 2 Jones on Mortg. (2d ed.), secs. 1829, 1835, 1842, 1859, 1864, 1870–1920. The plaintiff could not recover for rents and profits in this action. The complaint claims damages for the unlawful withholding of the lands, but not for the rents and profits. The finding of the court is for such damages. The only evidence on the question of damages was as to the rental value of the lands. There having been no claim for rents and profits, there could be no recovery therefor. The New York statute in this respect is similar to sec. 2647, R. S. *Larned v. Hudson*, 57 N. Y. 151.

For the respondent there were briefs signed by *Fribert & Lewis*, attorneys, and *Geo. E. Sutherland*, of counsel, and oral argument by *Mr. Sutherland*.

COLE, C. J. The plaintiff's title to the land in controversy is founded upon a deed given on the foreclosure of a mortgage by advertisement under the statute. The mortgage contained a power of sale authorizing the mortgagee or his assigns, in case of default, to sell and convey the premises at public auction pursuant to the statute. A number of objections are taken to the notice of sale, all of which we deem untenable. The notice contains all that the

statute requires, and is sufficient. Sec. 3527, R. S., prescribes what the notice shall contain. The notice shall specify the names of the mortgagor and of the mortgagee, and of the assignee if there be any; the date of the mortgage, and when recorded; the amount claimed to be due thereon at the date of the notice; a description of the mortgaged premises conforming substantially with that contained in the mortgage; and the time and place of sale. An examination of the notice will show that it contains all this specific information fully and minutely. It is said the notice does not state *that the mortgage will be foreclosed by a sale of the mortgaged premises;* but the statute does not require that the notice should contain these words. Still it is obvious that no one of common intelligence could fail to understand that the notice given was for the foreclosure of the mortgage by a sale of the mortgaged premises. The notice is that default has been made in the payment of the principal sum of $3,000, and of the interest thereon which has accrued since January 17, 1881; and states that there is due on the note and mortgage the sum of $3,000 principal, and the sum of $647.50 interest, amounting to the sum of $3,647.50; and that the mortgaged premises will be sold at public sale to the highest bidder on, etc. These facts, together with the other matters contained in the notice, fully meet all the requirements of the statute on the subject. It is only necessary to read the notice of sale to see that none of the exceptions which are taken to it are well founded.[1]

---

[1] The notice of sale was as follows:

"FORECLOSURE SALE.

"By virtue of a mortgage, dated January 17, 1874, G. S. Newton conveyed to Joseph B. Seward the following described real estate, situated in the town of Trenton, county of Dodge and state of Wisconsin, and particularly described as follows, to wit: The northwest quarter (¼) of section one (1), town thirteen (13), range fourteen (14), containing one

Maxwell vs. Newton.

Again, it is said that the affidavit of sale was not made by the person who actually made the sale. But we think

hundred and sixty acres of land, according to government survey. Said mortgage contained a power of sale, and was recorded in the office of the register of deeds of Dodge county, Wisconsin, on the 20th day of January, A. D. 1874, at 2 o'clock P. M., in volume 31 of mortgages, on page 108; also recorded in the same office, on the 6th day of October, A. D. 1879, at 12 o'clock M., in volume 46 of mortgages, on page 115; and was on the day of its date duly executed and acknowledged by the mortgagor, and was given to secure the payment of one promissory note, bearing even date therewith, for the sum of three thousand dollars, payable on or before three (3) years thereafter, with interest at ten per cent., payable annually, payable to said mortgagee or bearer.

"That thereafter, the said mortgagee, Joseph B. Seward, duly sold and transferred said note and assigned said mortgage to *William L. Maxwell*, the undersigned, in writing, under seal, duly witnessed and acknowledged, which said assignment bears date of January 17, 1874, and was acknowledged before a notary public the 6th day of December, A. D. 1875, and duly witnessed and recorded in said office of register of deeds of Dodge county, Wisconsin, on the 6th day of October, A. D. 1879, at 12 o'clock M., of said day, in volume 43 of mortgages, on page 378.

"Default has been made on the same note and mortgage, by nonpayment of said principal sum of three thousand dollars, or any part thereof, and by the nonpayment of any interest thereon which has accrued since January 17, 1881, and there is now due on the said note and mortgage and from said mortgagor, to the undersigned, assignee and owner and holder thereof, at the date hereof, the sum of three thousand dollars principal, and the sum of six hundred and forty-seven and 50-100 dollars interest thereon, being in all the sum of three thousand six hundred and forty-seven and 50-100 dollars; and no action has been commenced at law or in equity to recover said sum so due, or any part thereof.

"Now, therefore, notice is hereby given, that said mortgaged premises will be sold at public auction sale to the highest bidder, on the 10th day of May, A. D. 1883, at 10 o'clock in the forenoon of said day, on the sidewalk in front of the eastern and most public entrance to the State Prison yard, at the city of Waupun, and in said county of Dodge and state aforesaid.

"*Dated March 15, 1883.*          WILLIAM L. MAXWELL,
                                             "Assignee."
                                                    — REP.

this objection is not sustained by the record. The affidavit was made by the plaintiff, who was the assignee of the mortgage, and who, the court finds, actually made the sale. It is true the witness Heath says that Runals acted as auctioneer, but we have no doubt, upon all the evidence, that he was mistaken in that statement. The statute makes the affidavit presumptive evidence of all the facts therein contained (sec. 3537, R. S.), and there is no sufficient testimony to overcome that presumption here. Mr. Runals was the attorney of the plaintiff, and was at the sale aiding and advising his client about making it. But that the plaintiff himself actually made or conducted the sale we see no reason to doubt.

Another objection is that the mortgaged premises were not sold in government subdivisions. The plaintiff's mortgage, by its terms, covered 160 acres, though it appears there was a prior mortgage on one forty which had been foreclosed. But the whole mortgaged premises constituted a farm, therefore they were properly sold together. Presumably this was to the advantage of all concerned. The statute sanctions such a sale where the premises consist of a distinct farm which had been used and cultivated together (sec. 3530, R. S.), and premises thus situated cannot be sold separately without a manifest injury to those interested in them.

It is further claimed that the sale was fraudulent because the notice was published in the *Dodge County Citizen*, a paper published at Beaver Dam, instead of being published in a paper at the city of Waupun, near to the premises where the defendant lived. It is not apparent that it would have been more generally known, or would have secured more bidders, had the notice of sale been published in a paper at Waupun rather than at Beaver Dam. Certainly there is nothing to show that the plaintiff did not act in the utmost good faith in causing the notice of sale to be pub-

lished as it was. The place of sale and the mode of publication were left to his discretion, and there is nothing to justify the imputation that he did not act fairly and prudently in the matter. Of course, it was his duty, under the power, to proceed fairly in making the sale, and secure as much competition as possible. But there is no ground for saying that he did not do this, and did not act with due regard to the interests of the mortgagor. True, there were but a few persons present at the sale; but this was not attributable to anything the plaintiff said or did in regard to it. It is quite gratuitous to assume that he entered into any scheme to prevent publicity in the matter or to keep away bidders.

The premises were bid in by Mr. Heath, it is said, for the plaintiff. Mr. Heath testified, in substance, that he bid them in for himself, and would have kept them if he had not been afraid of a lawsuit. But we assume that he really purchased them for the plaintiff. The statute allows the mortgagee, or his assigns, to purchase the premises at the sale, providing he acts fairly and in good faith in making the sale. Sec. 3531, R. S. As we have said, we see nothing in the circumstances which justifies the inference that the plaintiff did not proceed with " the strictest good faith, and the utmost diligence, for the protection of the rights of his principal." *Montague v. Dawes*, 14 Allen, 373.

The premises were sold for $3,737.50, and it is said that this was greatly below their value. A number of witnesses on the part of the defendant testified that the premises were worth $60 an acre at the time of sale, while about an equal number on the other side testified they were worth only $40 an acre. Property at forced sales is usually sold at a sacrifice, and doubtless that was the case here. But this fact alone does not impeach the fairness of the sale; and there is one circumstance which shows beyond all controversy that there was nothing unfair in the transaction or

in the conduct of the plaintiff. The defendant knew all about the sale soon after it was made; and he testified that the plaintiff "came to my place once and wanted to settle. Since the sale he said he would like to settle up the matter. He said he would take his money if I could get it. I don't know if it was after he got a deed; was after the sale he said he wanted to settle. I think he said all he wanted was his money. He didn't claim anything only his money at that time." So it seems that the defendant had an ample opportunity to redeem his property by paying the mortgage debt, even after his right of redemption was lost. In view of this admitted fact, it does not lie in his mouth to say that his property was sold for a price greatly below its real value. Indeed, the fact is abundantly established that all the plaintiff wanted was the amount due him on the mortgage, and that both before and after the sale he urged the defendant to pay the mortgage debt and keep his farm. This is a sufficient answer to all that is said on this branch of the case.

It is further insisted that the judgment should be reversed because the plaintiff was permitted to recover the rents and profits in this action. The complaint is in the usual form prescribed by sec. 3077, R. S., that the plaintiff is entitled to the possession of the premises described; that the defendant is in possession of the said premises, and unlawfully withholds the possession thereof from the plaintiff, to his damage of $500. There is no claim for rents and profits. If such a claim was necessary,— a point we do not decide,— an amendment would have been allowed on the trial had the attention of the court been called to it. Evidence as to the rental value was given, and under the circumstances we think the objection comes too late that there could be no recovery of rents and profits. See sec. 3082, R. S.

This disposes of all the questions in the case which we deem material.

*By the Court.*— The judgment of the county court is affirmed.