LUKE R. DAMON v. REBECCA DEEVES.

66 347
89 530

[See 57 Mich. 247; 62 id. 465.]

*Mortgage—Foreclosure—Ejectment.*

After the regular foreclosure of a mortgage by advertisement, it cannot be attacked in an action of ejectment, "either as fraudulent in its inception, or on the ground that it had been discharged before foreclosure;" the remedy being in equity. *Yale v. Stevenson,* 58 Mich. 537.

Error to Monroe. (Joslin, J.) Argued May 4, 1887. Decided June 16, 1887.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Westerman & Westerman,* for appellant.

*C. A. Stacy,* for defendant.

MORSE, J. This case has been here twice before. It is an action of ejectment, and plaintiff relies upon a foreclosure of a mortgage by advertisement, and a sale of the premises by virtue of the same. The defendant defended at first upon the ground that the mortgage in question, being given by a married woman to secure a note executed by her for the benefit of her son-in-law, was invalid. This Court held otherwise. See *Damon v. Deeves,* 57 Mich. 247.

Upon the second trial in the court below the circuit judge directed a verdict for the defendant, upon the ground that a clerical error in the amount stated in the power of sale of $100 rendered the foreclosure proceedings and sale, for the full amount of principal and interest conditioned to be paid in the note and mortgage, invalid and void, unless it was

shown that the surplus bid for the premises over and above the amount, with interest, stated in the recital contained in the power of sale, had been paid or tendered to the mortgagor. We also held this ruling to be error. *Damon v. Deeves*, 62 Mich. 455.

On the last trial in the circuit the defendant was permitted to attack the plaintiff's title upon the ground of an alleged fraud in the inception of the note and mortgage. It was claimed that the defendant supposed she was making a note and mortgage for $75, and was induced so to believe by fraud. The note and mortgage, as executed, were both for $265. The jury were instructed by the circuit judge that, if they found that Mrs. Damon supposed she was making a mortgage for $75, and Anderson, who obtained the same, so represented to her, then the plaintiff could not recover, he not being a good-faith purchaser of the mortgage, but the same running to him at the outset, Anderson having procured it for Damon. The jury found for defendant, and judgment passed for her, and against the plaintiff.

The charge of the court was erroneous. In *Yale v. Stevenson*, 58 Mich. 537, we held that, a mortgage sale being regular, the mortgage could not be attacked in an action of ejectment, " either as fraudulent in its inception, or on the ground that it had been discharged before its foreclosure;" that the remedy, in such case, was in equity. We still adhere to that holding.

As all the assignments of error relate to this single question in the case, it is unnecessary to consider them in detail. There being no doubt of the entire legality of the foreclosure proceedings, the court below should have instructed the jury, as requested by plaintiff's counsel, to find a verdict for plaintiff.

The judgment is reversed, and a new trial granted, with costs to plaintiff.

The other Justices concurred.