## Iowa Inv. Co. v. Shepard *et al.*

Mere inaccuracies in a notice of a mortgage foreclosure under a power of sale, not calculated to be misleading, are insufficient to invalidate a title acquired thereunder, when the recitals of said notice readily convey to the mind all that the statute requires to be published.

(Syllabus by the Court.   Opinion filed March 7, 1896.)

Appeal from circuit court, Kingsbury county.   Hon. J. O. Andrews, Judge.

Action to quiet title.   Plaintiff had judgment, and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*R. W. Hobart*, for appellant.

The right to foreclose a mortgage by advertisement depends solely upon the provisions of the statute, and the statutory provisions must be strictly complied with, or the sale is invalid.   2 Jones on Mortgages, § 1839; Wiltsie on Mortgage Forecl. (2d Ed.), § 784 *et seq.*

*S. E. Hostetter* and *Aikens, Bailey & Voorhees*, for respondent.

Mere omissions and inaccuracies, not calculated to mislead, and working no prejudice, will not be regarded.   Powers v. Kueckhoff, 41 Mo. 425; Beatie v. Butler, 21 Mo. 313; Gray v. Shaw, 14 Mo. 341; Leet v. McMaster, 51 Bard. 236; Judd v. O'Brien, 21 N. Y. 186; Model Lodging House Ass'n v. Boston, 114 Mass. 133; Wiltsie on Mortgage Foreclosures (2d Ed.), § 784 *et seq.*, 2 Jones on Mortgages (4th Ed.), § 1839 *et seq.*; Maxwell v. Newton, 65 Wis. 261.

Fuller, J.   Basing its right upon a claim of ownership, plaintiff brought this action to quiet title to certain real estate described in the complaint, and this appeal is from an order sustaining a demurrer to the answer of John Shepard, who was the only party defendant appearing therein.   The undisputed facts disclosed by the pleadings are confessedly sufficient to en-

title respondent to all the relief prayed for, provided the following notice or advertisement of mortgage foreclosure sale under a power of sale is found to be in substantial compliance with the statute: "Mortgage Sale. Default having been made in the payment of the installment due June 1st, 1891, and the last installment, due January 1st, 1892, on a certain note secured by mortgage dated January 27th, 1887, given by Louis C. Tucker and wife, Betsie E. Tucker, to F. W. Little, and duly recorded in the office of the register of deeds of Kingsbury county, then territory of Dakota, now state of South Dakota, on the 12th day of February, 1887, at ten o'clock a. m., in Book 14 of Mortgages, on page 207. The amount claimed to be due thereon at the date hereof is $12.90, and the further sum of $50.00 attorney's fees, as provided in said mortgage; making in all $62.90 now due. No action or proceeding at law or otherwise has been instituted to recover the debt secured by this mortgage, or any part thereof. Now, therefore, notice is hereby given that under and by virtue of the power of sale contained in said mortgage, and the statute in such case made and provided, the mortgage will be foreclosed by sale at public auction, by the sheriff of said Kingsbury county, or his deputy, on the 9th day of April, 1892, at ten o'clock in the forenoon of that day, at the front door of the court house in the city of De Smet, in said county and state, and substantially described in said mortgage as follows, to wit: "The southeast quarter of section eleven (11), in township one hundred and ten (110) north, range fifty-eight (58) west of the 5th P. M., being 159 acres, more or less.' Dated at De Smet, So. Dak., February 20th, 1892. F. W. Little, Mortgagee. A. P. Shenian, Attorney for Mortgagee."

The following provision of the Compiled Laws is the statutory rule by which the foregoing notice must be measured: "Every notice must specify: (1) The names of the mortgagor and mortgagee, and the assignee, if any. (2) The date of the mortgage. (3) The amount claimed to be due thereon at the

date of the notice.   (4) A description of the mortgaged prem-
ises, conforming substantially with that contained in the mort-
gage; and (5) The time and place of sale."   Comp. Laws, §
5415.   The contention of appellant is that the notice no-
where states that the mortgage will be foreclosed, that it is not
stated that the property described in the notice is the property
covered by the mortgage, that the mortgagor and mortgagee
are not named therein, and that "a description of the mort-
gaged premises conforming substantially with that contained
in the mortgage" is not given.   Evidently the object of the no-
tice contemplated by statute is to fully advise all interested
persons and the general public of the existence of conditions
which authorize a foreclosure by advertisement; and, even
though the words of the statute be not employed, its require-
ments are sufficiently complied with when such notice is reason-
ably certain and clear as to the names of the mortgagor and
mortgagee, the amount claimed to be due thereon at the time
of the notice, the time and place of sale, together with a de-
scription of the premises to be sold, which conforms substan-
tially with that contained in the mortgage.   Mere inaccuracies,
not calculated to be misleading, are insufficient to invalidate a
sale, in the absence of a claim that any one has been injured.
Wilts. Mortg. Forcl. §§ 784–788; 2 Jones, Mortg. (5th Ed.) pp.
704–716 incl.   Although the syntax and grammatical construction
of the notice under consideration is subject to criticism, a cur-
sory examination of the recitals thereof readily conveys to the
mind all that the statute requires to be published.   While the
statute does not specify that the notice shall state that the
mortgage will be foreclosed by a sale of the mortgaged prop-
erty, that fact is clearly ascertainable therefrom.   "Said mort-
gage will be foreclosed by sale at public auction,' is the lan-
guage used.   What mortgage?   The one upon the land de-
scribed in the notice.   "And substantially described in said
mortgage as follows, to wit.   *   *   *   *.   Dated January 27th,
1897, given by Louis C. Tucker and wife, Betsie E. Tucker, to

F. W. Little," to secure the payment of their now past due notes described in said mortgage and notice, which is signed ''F. W. Little, Mortgagee.'' ''The amount claimed to be due thereon at the date hereof is $12.90 and the further sum of $50 attorney's fees, as provided in said mortgage; making in all $62.90 now due.'' No question is raised as to ''the time and place of sale,'' and the notice specifies everything required by Section 5415, and is sufficient. The following decisions in which similar sale notices under a power have been construed sufficient in the light of statutes substantially the same as ours, will be found instructive: Maxwell v. Newton, 65 Wis. 261, 27 N. W. 31; Model Lodging House Ass'n v. City of Boston, 114 Mass. 133; Leet v. McMaster, 51 Barb. 236. See, also, Powers v. Kueckhoff, 41 Mo. 425. We are convinced that neither the parties immediately interested, nor the public, who was by the notice invited to attend the mortgage foreclosure sale for the purpose of bidding upon the property, could have been misled or prejudiced in any manner; and the title acquired by a purchase at said sale by plaintiff's grantor ought not to be divested or invalidated. The order of the trial court sustaining a demurrer to the answer of appellant is affirmed.