## THOMPSON V. BROWNE.

1. Where a mortgage sale is irregular for the reason that several parcels are sold together, it is voidable merely, and an application to vacate the sale, not made within a reasonable time, will be denied upon the ground of laches.

2. Comp. Laws, § 5418, providing that, "if the mortgaged premises consist of distinct farms, tracts, or lots, they must be sold separately," does not mean that two lots, upon which are an hotel and appurtenances, all having been used as one property since their establishment, must be sold separately.

3. An assignee for the benefit of creditors succeeds to all the rights of the assignor which are assignable, and has power to foreclose his assignor's mortgage by advertisement, and become a good-faith purchaser at the sale, under Comp. Laws, § 5419, authorizing a purchase by a mortgagee or his legal representative.

(Opinion filed Dec. 3, 1897.)

Appeal from circuit court, Brown county.   Hon. A. W. CAMPBELL, Judge.

Action to set aside a foreclosure sale and for an accounting.   Defendant had judgment and plaintiff appealed.   Affirmed.

The facts are stated in the opinion.

*George S. Engle (W. H. Adams* of counsel), for appellant.

Under our statute a power of sale in a mortgage is a trust, the donee of the power is a trustee, and the power can be executed only in the manner prescribed by the Code.   Secs. 4354, 2815, Comp. Laws.   The lots should have been sold separately. Secs. 5442, 5444, 5418, Comp. Laws; Rowley v. Brown, 1 Binney (Pa.); Sunerall v. Chaffin, 48 Mo., 402.   The sale to the trustee was void or voidable.   Thornton v. Irwin, 43 Mo. 153.

The general assignment, for the benefit of creditors, did not pass the trust held by the assignor. 1 Perry on Trusts, 335.

W. F. Mason and L. W. Crofoot, for respondent.

When an assignment for the benefit of creditors is made under our statute, the legal title to the assigned property passes to the assignee, and the property is not in *custodia legis*. State v. Rose, 4 N. D. 319, 58 N. W. 514; *In re* Morgan *et al.*, and Matthews v. Ott *et al.*, 87 Wis. 399, 58 N. W. 774.

Where the statute provides, as does ours, that if the mortgaged premises consist of distinct farms, tracts or lots, they shall be sold separately, the distinct farms tracts or lots are not such as are formed by highways, section lines, or dot-lines, crossing farms, tracts or lots, mortgaged as one tract; but separate and different farms, tracts or lots, not forming together one tract, farm or lot. Jones on Mortgages (4th ed.), § 1857; Larzelere v. Starkweather, 38 Mich. 104; Yale v. Stevenson, 58 Mich. 537, 25 N. W. 488; Maxwell v. Newton, 65 Wis. 261, 27 N. W. 31; Craig v. Stevenson, 15 Neb. 362, 18 N. W. 510.

The sale, even though irregular, will stand unless objected to within a reasonable time; and after the year for redemption has expired, a sale made in gross contrary to the statute will not be disturbed unless fraud is shown, and reasonable excuse for delay. Cunningham v. Cassiday, 17 N. W. 282; Vigoureux v. Murphy, 54 Cal. 346.

FULLER, J. This action in equity to set aside the foreclosure of a real-estate mortgage by advertisement under a power of sale, and for an accounting, was instituted by a mortgagor against an assignee for the benefit of the mortgagee's creditors, and resulted in a judgment for the defendant, from which, and an order overruling a motion for a new trial, plaintiff appealed.

Under date April 14, 1888, Ira S. Haseltine and his wife executed and delivered to the Western Farm, Mortgage Company two mortgages, containing the usual power of sale, as

security for a principal note of $10,000 and a series of 10 interest coupons, aggregating $3,077, payable in semiannual installments, with interest at 12 per cent. per annum after maturity. Default having previously occurred in the covenants as to the payment of interest and taxes, the foreclosure by advertisement was regularly made on the 26th day of November, 1892, and the mortgaged property was exposed for sale as one tract or parcel, and purchased by the respondent, as the assignee for the benefit of the mortgagee's creditors, for $13,410, which was the highest sum bid, and an amount less than that actually due and collectible. The property is described in the mortgage as: "The east one hundred feet of lot one, in block seven, and lot two, in block seven, of the original plat of Aberdeen, according to the recorded plat thereof, on file and of record in the office of the register of deeds in Brown county, Dakota. and more particularly described as follows: Beginning at the N. E. corner of lot one, block seven; thence south one hundred feet to the south line of lot two, block seven; thence west along said south line of lot two, block seven, one hundred and forty-two feet; thence east forty-two feet; thence north fifty feet to the north line of said lot one; thence east along said north line of lot one, block seven, one hundred feet, to the place of beginning." The evidence shows, and the court found, that there is upon the premises a brick hotel, known as the "Kennard," consisting of a three-story main structure, situated on lot 1, and a two-story brick veneered addition thereto, erected upon lot 2, and "used. and occupied in connection with said hotel business as a kitchen, laundry, and sleeping rooms for the help of said hotel; and that there is also located upon lot 2 a barn, which is used in connection with said hotel business; and that there are no other buildings upon said premises; that the entire hotel building and barn have, ever since their erection, been used, owned, and occupied together as a part of the hotel property." Appellant having died since the appeal was taken, and the fact of his demise having been

·suggested in this court, Clayton B. Thompson, the duly appointed and acting administrator of the decedent's estate is substituted in his stead; and under the title thus amended we shall proceed to consider and determine such questions as the record presents for review.

It is urged that the foreclosure is a nullity, for the reason that two separate lots were sold as a single tract for more than the amount due, and in violation of Section 5418 of the Compiled Laws, which provides that, "if the mortgaged premises consist of distinct farms, tracts or lots, they must be sold separately, and no more farms, tracts or lots must be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and the costs and expenses allowed by law." The mortgage was executed to secure a loan with which to partially pay for the land, and erect thereon the buildings collectively designed for, and capable of being used to the best advantage only in carrying on the hotel business. The mortgagor, who had actual notice of the sale, instead of making objection thereto, or an attempt to show inadequacy of price, or bad faith resulting in injury, remained silent until the year of redemption had expired, and then recognized respondent's title by entering into a written lease for one year, under which he occupied the premises as a lessee of respondent, and became a tenant holding over after the expiration of his term. Were the procedure irregular for the reason assigned, it would be voidable merely, and an application to vacate the sale, not made within a reasonable time, would be regarded with disfavor, and denied upon the ground of laches upon the part of the mortgagor. Trust Co. v. Bradley, 9 S. D. 495, 70 N. W. 648; Marcotte v. Hartman, 46 Minn. 202, 48 N. W. 767; Vigoureux v. Murphy, 54 Cal. 346; Love v. Cherry, 24 Iowa, 204; Cunningham v. Cassidy, 7 Abb. Prac. 183; Roberts v. Fleming, 53 Ill. 196. As the statute under consideration was enacted for the benefit of the mortgagor, and the word "premises," in its ordinary sense, means "land, with its ap

purtenances, including buildings," it cannot be that the legislature intended .to destroy mortgaged property by requiring a separate sale of city lots upon which an expensive brick structure has been erected which extends to some part of each lot, and is so planned and used that each part would be practically worthless without the other. It is obviously best for all concerned that the two lots so used and occupied as to constitute an entirety were sold together, and, in view of the fact that the price paid was the full value of the property, and the sale being regular, appellant has no cause for complaint. Craig v. Stevenson, 15 Neb. 362, 18 N. W. 510; Deposit Co. v. Jenkins, 40 N. J. Eq. 451, 2 Atl. 13; Hill v. Bank, 97 U. S. 450; Whitbeck v. Rowe, 25 How. Prac. 403; Wilson v. Odell, 58 Mich. 537, 25 N. W. 506; Anderson v. Austin, 34 Bard. 319; Maxwell v. Newton, 65 Wis. 261, 27 N. W. 31.

The only remaining point worthy of notice is the claim that an assignee for the benefit of creditors is without power to foreclose a mortgage by advertisement, and become a purchaser at the sale. Comp. Laws, Sections 2829, 4666, 5419. An assignee for the benefit of creditors, though not a purchaser for value, acquires the legal title to the property assigned, and succeeds to all the rights the assignor had in respect to things transferred by the assignment, including the power to sell real property, given in a mortgage as a part of the security. Such power may be executed by an assignee for the benefit of creditors, and he is fully authorized, in the exercise of fairness and good faith, to become a purchaser at the sale. In the absence of a statute bearing upon the point, it is well settled that an assignment by a debtor of all his property for the benefit of creditors passes to the assignee everything which is, by its nature, assignable, and no valid reason can be given for withholding the right to foreclose by advertisement a mortgage containing a power of sale executed and delivered to his assignor; and the statute (section 5419, *supra*) expressly provides that "the mortgagee, his assigns, or their legal repre-

sentatives may fairly and in good faith purchase the premises so advertised, or any part thereof, at such sale."

The evidence in no manner tends to support the claim that the contract was usurious, or that the mortgage was foreclosed for an amount in excess of that actually due and collectible according to its terms; and there is no merit in the contention of counsel that the notice of foreclosure sale was not properly published.

Upon the whole case, we are convinced that the findings of fact made in the court below are fully sustained by the evidence, and warrant the conclusion reached. As no error is presented by the record, the judgment appealed from is affirmed.